UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05cv10183 PBS

| | |
|---|---|
| WENDI McCUSKER ) | |
| ) | |
| Plaintiff, ) | |
| ) Civil Action No. | |
| v. ) | |
| ) | |
| ASSOCIATED CREDIT AND ) | |
| COLLECTION BUREAU, INC. and ) | |
| PAT MILLS ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

RECEIVED
Clerk's Office
USDC, Mass.
Date 1/27/05
By M.P.
Deputy Clerk

RECEIPT #_____
AMOUNT $ 150.00
SUMMONS ISSUED 2
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. M.P.
DATE 1/31/05
MAGISTRATE JUDGE ___ JLA

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1.     This is a Fair Debt Collection Practices Act ("FDCPA") case. In violation of the FDCPA, the defendants engaged in harassing, oppressive, false, and misleading conduct towards the plaintiff Wendi McCusker ("Ms. McCusker") while attempting to collect a consumer debt. Ms. McCusker brings this action for damages and declaratory relief against the debt collector and its individual employee collector.

**PARTIES**

2.     Plaintiff Wendi McCusker is an individual consumer and active duty member of the United States Military residing at Hanscom Air Force Base in Bedford, Massachusetts.

3.     Defendant Associated Credit and Collection Bureau, Inc. ("Associated") is a corporation organized under the laws of the State of Florida with a principal place of

1

business at 975 Eyster Blvd., Rockledge, Florida 32956. Associated is engaged in trade or commerce and is engaged in business which has as its principal purpose the collection of debts. It regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts. Associated is a debt collector as defined by 15 U.S.C. § 1692a(6).

4.     On information and belief, Defendant Pat Mills ("Ms. Mills") is an individual collector employed by Associated with a business address at 975 Eyster Blvd., Rockledge, Florida 32956. On information and belief, Ms. Mills regularly attempts to collect debts due to or originated by others and uses the mail and telephones to collect debts, and is a debt collector as defined by 15 U.S.C. § 1692a(6).

### JURISDICTION AND VENUE

5.     This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6.     Venue is this District is proper as Ms. McCusker resides in this District and the events giving rise to this action occurred here.

### FACTUAL ALLEGATIONS

7.     The defendant Ms. Mills, an individual employee collector of Associated, called Ms. McCusker at her place of employment, Hanscom Air Force Base, repeatedly during 2004 in an attempt to collect a debt incurred by Ms. McCusker for personal, family, or household purposes.

8.     On several occasions during these conversations, Ms. McCusker told Ms. Mills that the she was not allowed to receive these disruptive, personal calls at work.

9.  Ms. Mills continued to call Ms. McCusker frequently at work. Ms. Mills called Ms. McCusker more that two times within a 30 day period at a place other than Ms. McCusker's residence.

10. On information and belief, Associated knew or had reason to know that such calls were prohibited by Ms. McCusker's employer.

11. In July 2004, Ms. Mills called Ms. McCusker at her place of employment and told her that if she did not pay the debt she would call Ms. McCusker's commanding officer and tell him.

12. Ms. McCusker told Ms. Mills that she could not pay the debt because she had just gone through a divorce and had barely enough money to support herself and her child.

13. Ms. Mills told Ms. McCusker that she would not be able to be promoted in the military if Ms. Mills called her commanding officer about the debt.

14. This threat was false, misleading, harassing, and extortionate.

15. Ms. McCusker suffered emotional distress and other damages as a result of the defendants' unlawful debt collection.

## CLAIMS FOR RELIEF

### Count I
### Violation of the Fair Debt Collection Practices Act
### (False, Deceptive, or Misleading Representations)

16. Plaintiff incorporates the foregoing paragraphs.

3

17. When Ms. Mills told Ms. McCusker that she was going to contact Ms. McCusker's commanding officer if Ms. McCusker did not pay the debt, the defendants violated 15 U.S.C. § 1692e. The statement was false, deceptive, or misleading in the following ways:

   a. In violation of 15 U.S.C. §§ 1692e(5), 1692e(10), Ms. Mills threatened action that could not legally be taken or that she did not intend to take when she threatened to contact Ms. McCusker's commanding officer (as she was prohibited from contacting third parties about the debt by 15 U.S.C. § 1692c and other laws and regulations).

18. The defendants violated 15 U.S.C. § 1692e(10) when Ms. Mills told Ms. McCusker that she would not be able to be promoted in the military if Ms. Mills contacted Ms. McCusker's commanding officer. This representation was false, misleading, and/or deceptive.

19. The defendants' violations of 15 U.S.C. § 1692e caused Ms. McCusker to suffer damages.

## Count II
## Violation of the Fair Debt Collection Practices Act
## (Harassment and Abuse / Communications with Unreasonable Frequency)

20. Plaintiff incorporates the foregoing paragraphs.

21. Ms. Mills's threat to contact Ms. McCusker's commanding officer, get her in trouble at her job, and prevent her promotion in the military was an action the natural consequence of which was to harass, oppress, or abuse Ms. McCusker as prohibited by 15 U.S.C. § 1692d.

4

22. The defendants' violations of 15 U.S.C. §§ 1692d caused Ms. McCusker to suffer damages.

### Count III
### Violation of the Fair Debt Collection Practices Act
### (Unlawful Contacts with Ms. McCusker at Work)

23. Plaintiff incorporates the foregoing paragraphs.

24. In violation of 15 U.S.C. § 1692c(a)(3), the defendants communicated with Ms. McCusker at work despite knowing or having reason to know that such contacts were prohibited by the Ms. McCusker's employer.

25. The defendants' violations of 15 U.S.C. § 1692c(a)(3) caused Ms. McCusker to suffer damages.

WHEREFORE, the plaintiff, Wendi McCusker, respectfully requests that this Court enter judgment against the defendants, Associated Credit and Collection Bureau, Inc. and Pat Mills, jointly and severally, for the following:

A. Declaratory judgment that the defendants' conduct violated the Fair Debt Collection Practice Act;
B. Actual damages;
C. Statutory damages pursuant to 15 U.S.C. § 1692k.
D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.
E. For such other and further relief that the Court deems just.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS

Respectfully submitted, this 26 day of January, 2004.

                                          WENDI McCUSKER,
                                          by her attorney,

                                          Nicholas F. Ortiz, BBO# 655135
                                          52 Western Avenue
                                          Cambridge, MA 02139
                                          (617) 492-2227

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only) __Wendi McCusker v. Associated Credit and Collection Bureau, Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [✓] II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   **05cv10183 PBS**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [✓]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [✓]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [✓]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Nicholas F. Ortiz__
ADDRESS __52 Western Avenue, Cambridge, MA 02139__
TELEPHONE NO. __617-492-2227__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
JOSEPH T. CARMACK
PETITIONER, PRO SE

(b) County of Residence of First Listed Plaintiff: SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

### DEFENDANTS
NATIONAL RAILROAD ADJUSTMENT BOARD
SPECIAL BOARD OF ADJUSTMENT

FILED
2005 JAN 31 P 13:8
U.S. DISTRICT COURT
DISTRICT OF MASS

05 CV 10185 PBS

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [X] 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
45 U.S.C. s. 153 (q)

Brief description of cause: PETITION FOR REVIEW UNDER SECTION 3 (FIRST) OF RAILWAY LABOR ACT

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE: HONORABLE P.B. SARIS
DOCKET NUMBER: 03-12488 PBS

DATE: 1/3/2005  PRO SE
SIGNATURE OF ATTORNEY OF RECORD: Joseph T. Carmack

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____